IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| J.A.S.D., | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CASE NO. 4:22-CV-175-CDL-MSH |
| | : 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, | : |
| | : |
| | : |
| Respondent. | : |

## ORDER

Petitioner has applied for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1). Pending before the Court is Petitioner's motion to appoint counsel (ECF No. 2), which the Court received on November 14, 2022. Petitioner contends that appointment of counsel "will serve the interests of justice given the complex legal nature of [his] claims, the constitutional Due Process questions it raises, and the gravity of [his] liberty interest in freedom from imprisonment. Mot. for Counsel 1, ECF No. 2.

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*,

862 F.2d 850, 853 (11th Cir. 1989).  Petitioner has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Petitioner, therefore, has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, his motion for appointment of counsel (ECF No. 2) is **DENIED**.

SO ORDERED, this 14th day of November, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE